UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ANTHONY AIKENS,

                         Plaintiff,

              - against -

JONATHAN M. CERRITO,
NANCY RUSSO, and THOMAS RUSSO,

                        Defendants.
---------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
19-CV-5168 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On September 5, 2019, Plaintiff Anthony Aikens, currently incarcerated at Attica Correctional Facility, filed this *pro se* action pursuant to 42 U.S.C. § 1983 ("§ 1983"). (*See* Complaint ("Compl."), Dkt. 1.) Plaintiff sues Jonathan M. Cerrito, an attorney engaged by the Blasters, Drillrunners & Miners Union Local 29 Pension Fund (the "Fund"), and Nancy Russo and Thomas Russo, the current and former Fund Administrators of the Fund. (*Id.* at ECF[1] 2.) The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Court dismisses the complaint, but Plaintiff may file an amended complaint within thirty (30) days of this Memorandum and Order.

## BACKGROUND

Plaintiff was granted social security disability insurance benefits on December 23, 2002 for an injury suffered in August 1999. (Exhibit D, Dkt. 1, at ECF 11−16.) Plaintiff obtained a disability pension from the Fund on April 11, 2003. (Compl., Dkt. 1, at ECF 4.) Plaintiff was incarcerated on November 2, 2004 and stopped receiving his disability pension in December 2004.

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

(*Id.* at ECF 3.) On January 27, 2012, Thomas Russo, then Fund Administrator, informed Plaintiff that in order for Plaintiff to continue to receive his pension, he needed to submit proof that he had been continuously receiving social security disability benefits since 2005. (*Id.* at 4; Exhibit C, Dkt. 1, at ECF 10.) After failed attempts to obtain such proof, Plaintiff contacted the Department of Labor for assistance. (Compl., Dkt. 1, at ECF 4.) The Department of Labor contacted Jonathan M. Cerrito, the Fund's attorney, who also demanded proof of Plaintiff's receipt of social security benefits. (*Id.* at ECF 5.) Nancy Russo is the current Fund Administrator. (*Id.*)

Plaintiff alleges that Thomas Russo and Nancy Russo have discriminated against him by withholding his pension benefits since he has been incarcerated in violation of the Fourteenth Amendment and that Defendants conspired to withhold Plaintiff's pension since his incarceration in violation of 42 U.S.C. §§ 1983 and 1985. (*Id.* at ECF 5−6.) Plaintiff is suing Defendants in their individual capacity and seeks his pension benefits with interest for the period from January 2005 to the present and $15 million in damages, along with attorney's fees and costs. (*Id.* at ECF 6.)

## STANDARD OF REVIEW

Pursuant to the *in forma pauperis* statute, this Court must dismiss a case if the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are

not required, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

At the same time, federal courts give "extra leeway" to *pro se* plaintiffs. *In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008). When determining the sufficiency of a *pro se* complaint, the Court must look for the strongest arguments that the complaint suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191–93 (2d Cir. 2008). If this liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must give the plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983, which provides remedies for the deprivation of federal constitutional rights. (Compl., Dkt. 1, at ECF 1.) In order to maintain an action under § 1983, a plaintiff must adequately allege two essential elements. First, "[t]he conduct at issue 'must have been committed by a person acting under color of state law.'" *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Second, the conduct "must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Id.* (internal quotation marks omitted) (quoting *Pitchell*, 13 F.3d at 547). Further, a plaintiff seeking to recover money damages under § 1983 must establish that the defendants were personally involved in the wrongdoing or misconduct at issue in the complaint. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (stating that the "personal involvement of defendants in alleged constitutional deprivations is a pre[-]requisite to an award of damages under § 1983" (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994))).

Construed liberally, Plaintiff's complaint only names private actors, who did not act under color of state law. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). A plaintiff bringing suit under § 1983 is therefore required to demonstrate that the defendants acted under color of state law when they engaged in the challenged conduct. *See Fabrikant v. French*, 691 F.3d 193, 206−07 (2d Cir. 2012). Defendants—the former and current Fund Administrators of the Fund, a private entity, and the Fund's attorney—are private individuals. None of Defendants can be inferred to have been acting under color of state law with respect to Plaintiff's claims in this action.

Therefore, Plaintiff's § 1983 claims against all Defendants must be dismissed for failure to state a claim. *See Talton v. United Techs. Corp.*, No. 3:07-CV-00766 (PCD), 2007 WL 4225794, at *2 (D. Conn. Nov. 28, 2007) (dismissing a prisoner's § 1983 claim seeking pension benefits on the grounds of failure to name a state actor).

## CONCLUSION

For the reasons stated, Plaintiff's claims are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Because the Second Circuit has made clear that district courts "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Cuoco*, 222 F.3d at 112, the Court grants Plaintiff thirty (30) days to file an amended complaint. If Plaintiff has a genuine basis for a § 1983 claim or other federal claim, he should provide specific facts in support of that claim.[2] The Court notes that Plaintiff may be able to challenge the Fund's withholding of benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, depending on the requirements of ERISA plan to qualify Plaintiff for disability benefits. *See Kagan v. Unum Provident*, 775 F. Supp. 2d 659, 666 (S.D.N.Y. 2011) (detailing continued payment of disability benefits under ERISA plan notwithstanding incarceration); *see also Ellison v. Jorgensen*, No. 17-CV-2432, 2017 WL 6816538, at *2 (N.D. Ill. Nov. 29, 2017), *appeal dismissed*, 733 F. App'x 308 (7th Cir. 2018) (noting "the possibility that a claim might be plausible under [ERISA]" when dismissing the § 1983 claim over the withholding of pension benefits); *cf. Kagan*, 775 F. Supp. 2d at 677 ("the statutory definition of "disability" [for social security] is not binding on the interpretation of an ERISA plan's definition of the term."). If Plaintiff elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this Memorandum and Order, 19-CV-5168 (PKC) (LB). All further proceedings shall be stayed for thirty (30) days or until further Order of the Court. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing this action.

---

[2] Plaintiff is advised that pursuant to the No Social Security Benefits for Prisoners Act ("the Act"), the Social Security Administration is barred from making social security benefits payments to prisoners. *Fowlkes v. Thomas*, 667 F.3d 270, 271−72 (2d Cir. 2012) ("[N]o payments shall be made to prisoners after the Act's enactment, even if the underlying obligation to pay predates the Act."); 42 U.S.C. § 1383(b)(8)(A).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 24, 2019
       Brooklyn, New York