UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ANTHONY AIKENS,

                     Plaintiff,

       - against -

JONATHAN M. CERRITO, NANCY RUSSO,
and THOMAS RUSSO,

                   Defendants.
----------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
19-CV-5168 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On September 5, 2019, Plaintiff Anthony Aikens, currently incarcerated at Attica Correctional Facility, filed this *pro se* action pursuant to 42 U.S.C. § 1983. (*See* Complaint, Dkt. 1.) On September 24, 2019, this Court dismissed Plaintiff's complaint for failure to state a claim on which relief may be granted, and granted Plaintiff leave to file an amended complaint. On October 15, 2019, Plaintiff timely filed an amended complaint dated October 2, 2019. (Amended Complaint, Dkt. 8.) On October 16, 2019, Plaintiff wrote to the Court that he submitted "the wrong amended complaint" and requested that the Court consider the amended complaint dated October 7, 2019 instead. (Plaintiff's Letter Motion to Amend/Correct/Supplement Amended Complaint, Dkt. 9.) Plaintiff now asserts claims under 42 U.S.C. §§ 1983 ("§ 1983") and 1985 ("§ 1985") and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* For the reasons set forth below, the Court dismisses Plaintiff's claims under §§ 1983 and 1985.

## BACKGROUND

Plaintiff was granted social security disability insurance benefits on December 23, 2002 for an injury suffered in August 1999. (Amended Complaint ("Corrected Am. Compl."), Dkt. 9-

1

1, ¶ 6; Exhibit D, Dkt. 1, at ECF[1] 11−16.) Plaintiff obtained a disability pension from the Blasters, Drillrunners & Miners Union Local 29 Pension Fund (the "Fund") on April 11, 2003. (Corrected Am. Compl., Dkt. 9-1, ¶ 5.) Plaintiff was incarcerated on November 2, 2004 and stopped receiving his disability pension. (*Id.* ¶ 7.) Plaintiff was not provided with any explanation with regards to the termination of benefits. (*Id.* ¶ 9.) Plaintiff repeatedly wrote to Thomas Russo, then Fund Administrator, but did not receive any response until January 27, 2012, when Thomas Russo informed Plaintiff that in order for Plaintiff to continue to receive his pension, he needed to submit proof that he had been continuously receiving social security disability benefits since 2005. (*Id.* ¶¶ 8, 12−13, 32; Exhibit C, Dkt. 1, at ECF 10.) Plaintiff then contacted the Department of Labor for assistance. (Corrected Am. Compl., Dkt. 9-1, ¶ 18.) The Department of Labor contacted Jonathan M. Cerrito, the Fund's attorney. (*Id.* ¶ 21.) Nancy Russo is the current Fund Administrator. (*Id.* at 1.)

Plaintiff alleges that Defendants conspired to deprive Plaintiff of his pension funds and discriminate against Plaintiff because he is incarcerated and that they violated various ERISA provisions and failed to respond to Plaintiff's grievance letters for eight and half years. (*Id.* ¶¶ 18, 33.) Plaintiff seeks unpaid pension benefits and statutory damages, along with attorney's fees and costs. (*Id.* ¶¶ 38−39.) Plaintiff is suing each Defendant individually for compensatory and punitive damages in the amount of $5,000,000, for a total of $15,000,000. (*Id.* ¶ 48.)

## STANDARD OF REVIEW

Pursuant to the *in forma pauperis* statute, this Court must dismiss a case if the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

At the same time, federal courts give "extra leeway" to *pro se* plaintiffs. *In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008). When determining the sufficiency of a *pro se* complaint, the Court must look for the strongest arguments that the complaint suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191–93 (2d Cir. 2008). If this liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must give the plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

### I.      § 1983

Plaintiff alleges that Defendants discriminated and conspired against him to deprive him of his pension benefits while incarcerated. For the same reasons set forth in the Court's prior Memorandum and Order, to the extent Plaintiff brings this action pursuant to 42 U.S.C. § 1983, he fails to state a claim. (*See* Sept. 24, 2019 Memorandum and Order, Dkt. 5.)

### II.     § 1985

Plaintiff also alleges that Defendants conspired to deprive him of his benefits because he is incarcerated. In order to maintain an action under § 1985, a plaintiff must allege a conspiracy

"motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus." *Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015). Plaintiff does not allege that he is a member of any class that "possess[es] the type of inherited or immutable characteristics sufficient to satisfy the class-based animus requirement." *Id.* Plaintiff's incarceration plainly is not an inherited or immutable characteristic. Because Plaintiff fails to allege any facts establishing that the purported conspiracy was motivated by some form of class-based animus, his § 1985 claim must be dismissed for failure to state a claim.

## III. ERISA

Plaintiff alleges that Defendants violated ERISA by failing to notify Plaintiff of the suspension of his benefits, failing to respond to Plaintiff's inquiries, and wrongfully suspending Plaintiff's benefits. "Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer." *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990); *see McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) ("We have frequently reiterated that *sua sponte* dismissal of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court." (internal quotation marks, alterations, and citation omitted)). Although Plaintiff has not specifically identified the plan that governs the pension benefits giving rise to Plaintiff's ERISA claims, the Court allows those claims to proceed at this juncture. To the extent that the terms of that plan do not support Plaintiff's ERISA claims, Defendants may seek to dismiss these claims based on the plan's contents.[2] *See Steger v. Delta Airlines, Inc.*, 382 F. Supp. 2d 382, 385

---

[2] Defendant is reminded that it must follow the Court's Individual Rules in seeking to file any such motion.

4

(E.D.N.Y. 2005) ("Because the Plan is directly referenced in the complaint and is the basis of this action, the Court may consider the Plan in deciding the motion to dismiss.").

## CONCLUSION

For the reasons stated, Plaintiff's claims under §§ 1983 and 1985 are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's claims under ERISA shall proceed against Defendants for now. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444−45 (1962). The Clerk of Court is respectfully directed to issue a summons against Defendants and the United States Marshal Service is respectfully directed to serve the summons and the amended complaint upon Defendants without prepayment of fees.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 22, 2019
    Brooklyn, New York